UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANTHONY L. MYERS,            )
                             )
        Plaintiff,            )
                             )         No.  3 07 0015
v.                           )
                             )         Judge Echols
METRO SHERIFF'S OFFICE, ET AL., )
                             )
        Defendants.          )

## MEMORANDUM

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Criminal Justice Center (CJC) in Nashville, Tennessee. He brings this action under 42 U.S.C. § 1983 against the Metro-Davidson County Sheriff's Department and eighteen other defendants, all of whom appear to have been employed at CJC at the time of the alleged events that gave rise to this action. The plaintiff seeks money damages and injunctive relief.

The plaintiff alleges various conditions-of-confinement violations. Specifically, the plaintiff asserts that: (1) he has been denied his religious rights by not being permitted to observe Ramadan; (2) he was improperly confined in segregation; (3) he has been required to sleep in near-freezing temperatures with only a sheet; (4) he has been housed in extremely cold conditions because CJC officials will not turn on the heat; (5) CJC officials failed to protect him from attack by another inmate; (6) he has been confined in overcrowded conditions; (7) members of the CJC staff

used excessive force against him; and (8) he has been denied recreation time. (Complaint ¶ IV at 3 & cont. at 1-5).

Under the Prison Litigation Reform Act (PLRA), a prisoner is required to exhaust all available administrative remedies before filing a § 1983 action in district court. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 733 (2001); *Brown v. Toombs*, 139 F.3d 1102, 1103-04 (6th Cir. 1998). The exhaustion requirement of § 1997e(a) is "mandatory," and "prisoners must exhaust [available] grievance procedures before filing suit in federal court even though the . . . remedy sought is not an available remedy in the administrative process." *Wyatt v. Leonard*, 193 F.3d 876, 877-78 (6th Cir. 1999).

Before the district court may adjudicate any claim set forth in a prisoner-plaintiff's complaint, it must determine first that the prisoner-plaintiff has complied with this exhaustion requirement. *Brown*, 139 F.3d at 1004. Not only is a prisoner-plaintiff required to exhaust as to each defendant, *see Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999); *see also Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003); *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 733-734 (6th Cir. 2003), he must show that he has exhausted every claim presented in his complaint, *see Bey v. Johnson and Trierweiler*, 407 F.3d 801, 806 (6th Cir. 2005)(adopting the total exhaustion rule); *Rinard v. Luoma*, 440 F.3d 361 (6th Cir. 2006)(following the holding in *Bey v. Johnson and Trierweiler* that established "total

2

exhaustion" as the law in the Sixth Circuit).[1] If a prisoner fails to show that he has exhausted his administrative remedies, his compliant is subject to *sua sponte* dismissal. *Brown*, 139 F.3d at 1004.

To establish that he has exhausted his administrative remedies, a prisoner-plaintiff must show that he presented his grievance(s) "through one complete round" of the established grievance process. *Thomas*, 337 F.3d at 733. A prisoner does not exhaust available administrative remedies when he files a grievance but "d[oes] not appeal the denial of that complaint to the highest possible administrative level." *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997), *cert. denied*, 522 U.S. 906 (1997); *see also Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). Neither may a prisoner abandon the process before completion and then claim that he exhausted his remedies, or that it is now futile for him to do so. *See Hartsfield*, 199 F.3d at 309 (*citing Wright*, 111 F.3d at 417 n.3).

The prisoner has the burden of demonstrating that he has exhausted his administrative remedies. *Brown*, 139 F.3d at 1004.

---

[1] The Court is aware that the Sixth Circuit law on "total exhaustion" is now in a state of flux following two recent decisions by one panel of the Sixth Circuit. *See Bell v. Konteh, et al.*, 450 F.3d 651 (6th Cir. 2006)(Moore, Cole, and Clay, JJ.); *Spencer v. Bouchard, et al.*, 449 F.3d 721 (6th Cir. 2006)(Moore, Cole, and Clay, JJ.). The Court also is aware that the United States Supreme Court has granted *certiorari* to resolve the "total exhaustion" question. *Williams v. Overton*, __ U.S. __, 126 S.Ct. 1463 (2006); *Jones v. Bock*, __ U.S. __, 126 S.Ct 1462 (2006). As shown below, however, the Court does not rely on *Bey* and *Rinard* in its analysis of the PLRA's exhaustion requirement.

3

To establish that he has exhausted his administrative remedies prior to filing his federal lawsuit, a prisoner should attach to his complaint a copy of any decision demonstrating the administrative disposition of his claims. *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Wyatt*, 193 F.2d at 878; *Brown*, 139 F.3d at 1104. However, where no documentation is provided, absent particularized averments regarding the nature of the administrative proceedings and their outcome, the action must be dismissed under § 1997(e). *Knuckles El*, 215 F.3d at 642.

In the body of the complaint, the plaintiff checked the space corresponding to "Yes" where he is asked if he "present[ed] the facts relating to [his] complaint in the prisoner grievance procedure." (Complaint, ¶ II.B at 2). Responding to the question, "What steps did you take," the plaintiff writes:

> Plaintiff filed his grievance on 10/18/06.
> [H]e waited over 15 business working days but
> never heard back from [the] defendants.

(Complaint, ¶ II.C.1 at 2).[2] Responding to the further question, "What was the result," the plaintiff notes:

> Defendants did not respond to [my] grievance
> and still haven't sent a reply back to him.

(Complaint, ¶ II.C.2 at 2). Finally, in his statement of the facts, the plaintiff asserts:

> Plaintiff filed his grievance on 10/18/06.
> Then he waited over 15 business/working days
> but never heard back from [the] defendants and

---

[2] Unnecessary and improper capitalization has been eliminated for readability reasons.

4

> still haven't heard nothing back from [the]
> defendants and they still refuse to let him
> attend Ramadan religious services.

(Complaint, ¶ IV at 3)  In addition to the foregoing, the plaintiff has attached a hand-written copy of what is purported to be the grievance that he filed on October 18, 2006.[3]  (Complaint, Attach. Griev., dtd. Oct. 18, 2006).

A review of the grievance attached to the complaint shows that it pertains solely to the plaintiff's claim that he was not permitted to observe Ramadan.  None of the other claims raised by the plaintiff, enumerated *supra* at p. 1, are raised in that grievance.  Moreover, the plaintiff does not allege, nor can it be liberally construed from the complaint, that he filed separate grievances as to his other claims.

A further review of the grievance attached to the complaint shows that the plaintiff did not specify those against whom he filed that grievance.  Specifically, the plaintiff does not name or identify anyone with respect to the allegations set forth in that grievance.[4]  Thus, for exhaustion purposes, none of the defendants named in this action is properly before this Court.

---

[3] The plaintiff writes at the top of the grievance form, "Recorded from the other grievance I filed just like this one."

[4] There are lengthy notes penned on the back of the attached grievance.  Although four of the defendants are named in the events described on the back of the grievance, the two events in which those four defendants' names appear occurred on October 19 and November 2, 2006.  Because these two events occurred after the date that the plaintiff allegedly filed his Ramadan grievance, reference to these defendants in those notes does not establish that they are linked to the plaintiff's Ramadan grievance.

5

Finally, the plaintiff claims that he did not receive a response to his grievance. The Sixth Circuit has held that a prisoner is "required to continue to the next step in the grievance process within the time frame set forth in the regulations if no response is received from prison officials . . . ." *Hartsfield*, 199 F.3d at 309. The plaintiff does not allege, nor can it be liberally construed from the complaint, that the plaintiff attempted to raise his grievance to the next level of review when he received no reply.[5] Thus, it does not appear that the plaintiff completed one full round of the administrative process with respect to his Ramadan grievance.

For the reasons explained above, the plaintiff has failed to show that he exhausted his administrative remedies prior to bringing this action in district court. Because a "prisoner may not exhaust his administrative remedies during the pendency of the

---

[5] The Court is aware of the Sixth Circuit's opinion in *Boyd v. Corrections Corporation of America*, 380 F.3d 989 (6th Cir. 2004) in which the panel in that case held that "administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance." *Id.* at p. 998. However, as shown herein, *Hartsfield*, which predated *Boyd* by five years and a multitude of Sixth Circuit decisions interpreting and relying upon *Hartsfield*, held to the contrary. It is a well-established principle that one "'panel of th[e] Court cannot overrule the decision of another panel.'" *Castro v. United States*, 310 F.3d 900, 902 (6th Cir. 2002)(citing *Salmi v. Sec'y of Health & Human Serv's.*, 774 F.2d 685, 689 (6th Cir. 1985). Therefore, to the extent that *Boyd* appears to overrule *Hartsfield* on this issue, it cannot. This Court concludes that *Hartsfield* still controls, and that even if the plaintiff did not receive a response to his grievances, he failed to exhaust his administrative remedies because he did not raise his grievances to the next level.

6

federal suit," *Freeman*, 196 F.3d at 645, and because a prisoner is "not entitled to amend his complaint . . . to plead exhaustion of administrative remedies" for the purpose of avoiding *sua sponte* dismissal, *Baxter v. Rose*, 305 F.3d 486, 490 (6th Cir. 2002)(relying on *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997)), this action will be dismissed without prejudice for failure to exhaust

An appropriate Order will be entered.

_____
Robert L. Echols
United States District Judge

7